SCHAEFER and others, Respondents, vs. BICKEL, Appellant.

*January 8—February 5, 1935.*

For the appellant there was a brief by *William Ryan* of Madison and *A. W. Lueck* of Beaver Dam, and oral argument by *Mr. Lueck*.

For the respondents there was a brief by *James F. Malone* of Beaver Dam and *Grady, Farnsworth & Walker* of Portage, and oral argument by *Miss Dorothy Walker, Mr. Daniel H. Grady,* and *Mr. Malone.*

FAIRCHILD, J.   The statutes of Wisconsin fix upon any one becoming a stockholder in a state bank a liability for

the benefit of creditors "to the amount of their stock at par value thereof, in addition to the amount invested in said stock." Sec. 221.42, Stats. It is also provided that when the Banking Commission takes over the affairs of a bank because its capital is impaired, because it is unsafe, because for it to continue business would be inexpedient, or for any of the other sufficient reasons set forth in the statute, this liability of the stockholder immediately accrues and becomes due and payable. Sec. 221.42, Stats.; *Schwenker v. Bekkedal*, 204 Wis. 546, 236 N. W. 581. The court below excluded from consideration all issues except that of the liability of the stockholders after the Commissioners of Banking took charge of the bank. The appellant does not show any insufficiency in the proceedings under which the Commissioners of Banking took charge of the property and business of the People's Bank. It is his contention that the contract existing between the People's Bank and the State Bank does not bind the People's Bank to indemnify or pay the State Bank for advances to the creditors of the People's Bank, and that if his contention as to the contract relation of the two banks is the right one, then the People's Bank has no liability which would warrant the enforcement of the claim against its stockholders. This claim has no place in this action. The failure to challenge the indebtedness of the People's Bank to the State Bank in the way provided by statute leaves the appellant, for the time being, without the right to contest the action of the commissioners. This is so even if there were any ground for claiming that the two contracts were distinct and that one provided for the payment of the debts of the People's Bank by the State Bank without recourse. We do not analyze the respective writings, because on the record it must be conceded that the Commissioners of Banking are now in charge of the affairs of the People's Bank, and that they are now proceeding according to the established practice under the statutes. At this

stage of the proceedings the Banking Commissioners, only, may speak for the banking institution. *Pallange v. First Wisconsin Nat. Bank,* 216 Wis. 418, 256 N. W. 708. Those officials are statutory receivers. They now seek to enforce a liability fixed by statute. If they collect more than is necessary, provision is made for a refund. Sec. 221.42, Stats.; *Schwenker v. Bekkedal, supra.* The ruling of the court below in .rejecting the evidence offered by the appellant relating to the difference, if any, in the contracts, was correct. There is no occasion in this action for questioning the authority of the Commissioners of Banking to recover on the stockholders' liability. The statutes covering the liquidation of banks and regulating the conduct of the commissioners in such a proceeding furnishes ample opportunity for consideration of valid objections to the conduct of affairs by the commissioners in relation to the allowance of claims, the compromise thereof, and the payment of dividends. In those proceedings, if anywhere, appellant must seek his relief. By failure to interpose at the proper time, he has placed himself in the position where he must now pay his assessment.

*By the Court.*—Judgment affirmed.