KINGSTON, Commissioner of Banking, Respondent, vs.
CREEDON, Appellant.

*April 4—April 30, 1935.*

254

For the appellant there was a brief by *J. Henry Bennett* of Viroqua, attorney, and *L. J. Brody* of La Crosse of counsel, and oral argument by *Mr. Bennett.*

For the respondent there was a brief by *Graves & Earll* of Prairie du Chien, and oral argument by *J. S. Earll.*

FOWLER, J. The appellant claims that the action cannot be maintained against him because, (1) the selling bank had gone out of existence and therefore could not be a "delinquent bank;" (2) the guaranty forming the basis of the only claim against the selling bank expired in one year and the seller owed no indebtedness; (3) the appointment of trustees by the selling bank to administer its retained assets deprived the commissioner of power to liquidate the bank; (4) the attempt to take over the bank was ineffectual because no order for taking it over was ever made by the commissioner; also because no order was made by the commissioner determining the necessity to levy a stockholders' assessment; (5) the obligation of the seller to the buyer, if any exists, is not such a one as may support a stockholders' assessment because it was not made in the course of regular banking business.

The recent decision of this court in *Schaefer v. Bickel,* 217 Wis. 278, 258 N. W. 797, is conclusive against the appellant upon all his claims above stated. It was there held in effect, although the statutory grounds for the holdings were not explicitly stated, (a) that objections to the commissioner's action in taking over a bank for liquidation must be made in the court having jurisdiction of the liquidation proceedings, and (b) that any objection to the allowance of claims must be made therein. The claims above stated all fall under either (a) or (b).

The reason for holding (a) of the *Bickel Case, supra,* is that a paragraph of the banking code, sec. 220.08 (9), Stats., provides that, when the Banking Commissioner takes over a bank for liquidation, the bank may within ten days after possession is taken bring an action in the circuit court for the

county wherein the bank is located to enjoin further proceedings. The bank represents the stockholders in contesting the right of the commissioner. The bank is empowered to act in all matters affecting the bank, and the stockholders have no right to act in any such matter independent of or separate from the bank. The bank's action or nonaction in any such matter, in the absence of fraud or malfeasance of its officers in relation thereto, binds the stockholders, and there is no claim or suggestion herein of any fraud or malfeasance by the officers of the selling bank. "The rule is too well settled to admit of argument that individual stockholders cannot question corporate acts of directors, within their discretion, where not *ultra vires,* not forbidden by statute or good morals or not fraudulent, but done in good faith and in the exercise of honest judgment." 3 Fletcher, Cyc. Corp. p. 2926, § 1733. The directors acting for the corporation are "clothed with the power of controlling the property of the corporation and managing its affairs without let or hindrance;" they are "charged with the duty to act for the corporation according to their best judgment, and in so doing they cannot be controlled in the reasonable exercise and performance of such duty." *Ibid.* p. 2929, § 1733, and cases cited. Banking corporations are within this rule as well as other corporations. Their directors act as the bank. And the rule applies to nonaction or acquiescence in a given situation as well as to affirmative action.

The reason for the holding (b) above stated is that sec. 220.08 (8), Stats., provides that any claim against a liquidating bank allowed by the Commissioner of Banking may be litigated in the court having jurisdiction of the proceedings, if any person interested files his objections to the allowance. A stockholder is an interested person within this provision. If the defendant desires to resist the claim of the buying bank against the selling bank based upon the selling bank's guaranty, when and if it is allowed by the commis-

sioner, the defendant as stockholder may file his objections and have it litigated in the liquidation proceedings.

The appellant contends that, unless he is permitted to litigate the claims asserted by him on this appeal, his property will be taken from him without the due process of law secured to him by the Fourteenth amendment to the constitution of the United States, and cites *Page v. Jones,* 7 Fed. (2d) 541, and *Moss v. Whitzel,* 108 Fed. 579, in support of his contention. These cases hold that, unless the stockholder of a national bank is permitted to litigate such claims in a suit against him brought by the comptroller of the currency to collect a statutory assessment made by the comptroller under the national banking act, he is denied due process. But the federal act contains no provision for litigating such claims in the liquidating proceedings. Under our state statutes cited, opportunity to litigate the existence of any fact essential to the right of the Banking Commissioner to take over a bank and to litigate any claim allowed against the bank is fully secured to the stockholder, and due process is thus expressly granted to him.

The above seems sufficiently to cover all claims of the appellant above enumerated except claim numbered (1). If in fact there was no bank for the commissioner to liquidate, then there was no bank to institute the action provided for by sec. 220.08 (9), and the appellant stockholder would be denied due process under the rule of the federal cases cited *supra.* But this point was also decided adversely to his contention by the *Bickel Case, supra.* While the two cases may differ as to some of their facts, the situation as to the existence of the two selling banks involved is the same. While in the instant case four and a half years intervened between the assignment of assets and the act of the commissioner in taking over the bank and in the *Bickel Case* only two and a half years, this difference is immaterial. A bank necessarily continues in existence for purposes of liquidation

under our statutes until its assets have been applied as far as necessary to the satisfaction of its creditors. Under our statutes, the only provision for voluntary liquidation is sec. 221.24, Stats. There is no evidence, and it is not contended, that the selling bank attempted to liquidate under the provisions of this section. The evidence does not disclose that the publication of notice to creditors therein provided was ever made. Whenever liquidation is attempted under this section, the proposed notice to creditors and notice of the proposed voluntary liquidation must be given to the Banking Commissioner, and the Banking Commissioner may then take over the bank for liquidation if it appears to him that any of the facts stated in sec. 220.08 (1) exist that authorize him to take over a bank, one of which is that a bank "shall suspend payment of its obligations." It is contended that under sec. 220.08 (11), Stats., a resolution of the selling bank's stockholders adopted two years after the assignment of a part of its assets to the buying bank appointing and transferring the assets in its hands to trustees who were to act as such through the ensuing years "until the affairs of said bank are fully settled," and the filing of a bond conditioned according to the terms of said sub. (11), operated to terminate its existence because the resolution concluded with the clause "upon the filing thereof [of the bond] the charter of said bank be surrendered and cancelled." But this section does not apply except where the Banking Commissioner has taken over a bank and proceeded with its liquidation until all of its creditors have been paid and further assets remain in his hands. Sec. 220.08 (10). Nor does the statute purport to authorize any such provision as the concluding paragraph of the resolution either in the bond or in the resolution of the stockholders determining to proceed with liquidation through agents.

*By the Court.*—The judgment of the circuit court is affirmed.